IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM LEVIN on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br>PENNCRO ASSOCIATES INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV 09 526 MATSUMOTO, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chaim Levin seeks redress for the illegal practices of Penncro Associates Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4. Defendant's principal place of business is located in Southampton, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff concerning Bank of America.

10. On or about February 5, 2009 the plaintiff received a text message from the defendant on his cell phone.

11. The text message stated as follows: "Penncro has an account servicing matter that we need to discuss. Please call 866-430-5265 before 9 pm today."

12. The defendant did not indicate that the message was from a debt collector.

13. The said text message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(11) and 1692e(10).

14. The plaintiff called back the number in the text message.

15. The plaintiff did not know that the plaintiff was contacting a debt collector.

16. The plaintiff spoke with a collection representative at about 3:30 p.m. on February 5, 2009.

17. The plaintiff indicated to the collection representative that he could not discuss the matter because he was at work.

18. The collector was not cooperative and accused the plaintiff of not wanting to pay the debt.

19. In actuality, the plaintiff had already agreed with Bank of America to pay a certain amount per month.

20. Plaintiff has already made the initial payment as per the agreement.

21. Shortly after the plaintiff concluded the conversation with the said collector, the plaintiff received another call from a female collector on the plaintiff's cell phone.

22. The defendant has not regard to making calls to a debtor who discloses to a collector that he was not able to speak while he was at work.

23. The defendant violated 1692c for contacting the plaintiff when the defendant knew that the plaintiff did not want to speak to Penncro while he was at work.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

24. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-23 as if set forth fully in this Cause of Action.

25. This action is brought on behalf of plaintiff and the members of a class.

26. The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

27. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages or text messages from defendant's

representatives and/or from a computerized system within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

28. A sub-class exists for those members who were contact at work when the defendant was put on notice that it was not appropriate to discuss the debt with the consumer while the consumer was at the workplace in violation of 1692c.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages and text messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33. The actions of the defendant violate the Fair Debt Collection Practices Act.

34. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 5, 2009

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)